UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22767-BLOOM/Elfenbein

ANGELA MILES,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [6] ("Motion"). Plaintiff Angela Miles ("Plaintiff") filed a Response in Opposition ("Response"), ECF No. [24], to which Defendant filed a Reply, ECF No. [27]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On July 19, 2024, Plaintiff filed a Complaint against Defendant asserting two claims: Negligence (Count I) and Negligent Failure to Warn (Count II). ECF No. [1] at 4, 7. Plaintiff alleges that on July 21, 2023, she was a passenger aboard the *Carnival Glory* ("Vessel"), "owned and/or operated" by Defendant. *Id.* ¶¶ 3, 6. The Vessel had been "custom built to specifications and designs which were by or under the supervision and participation of [Defendant]." *Id.* ¶ 7. As "Plaintiff was attempting to reboard the Vessel from the Cozumel port via the gangway[,] Plaintiff

placed her left foot on the gangway which caused it to raise up and trap Plaintiff's right foot under the ramp. This caused Plaintiff to stumble and fall onto her right arm and left hand, which had been extended in an attempt to break her fall." *Id.* ¶ 6. Plaintiff alleges that Defendant "has been responsible for ensuring that the gangways used for embarkation and disembarkation were safe for passengers. This includes controlling how many individuals are allowed on the gangway at a time, connecting and disconnecting the gangway from the ship to port, and maintaining the gangway in good working condition." *Id.* ¶ 11. Plaintiff alleges that "Defendant failed to properly operate the gangway on the Incident Date, by failing to secure it in a manner that would not lead to injury." *Id.* ¶ 12. Defendant "knew or should have known that operating the gangway without properly securing it would create a dangerous condition for pedestrians embarking or disembarking the Vessel" and that Defendant "has actual or constructive knowledge of the dangerous condition and/or had constructive knowledge of the dangerous condition because Carnival employees were stationed at the embarkment point to facilitate passengers entering or leaving the Vessel safely." *Id.* ¶¶ 13-14.

Defendant seeks to dismiss the Complaint and argues that the Negligence claim in Count I improperly commingles liability theories and neither Count fails to sufficiently state a cause of action. Plaintiff responds that the Complaint is not a shotgun pleading and the Counts sufficiently allege causes of action.

## II.   LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**B. Shotgun Pleading**

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Such unclear pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (*quoting Cramer*

3

*v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The negative externalities also extend beyond a single case. "[J]ustice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

The Eleventh Circuit has identified four types of shotgun pleadings, the "unifying characteristic" of which being that all shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321 The second type of shotgun pleading is the complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is the pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth is the pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

**C. General Maritime Law**

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival*

*Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro,* 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

### III. DISCUSSION

#### A. Count I

Plaintiff's Count of Negligence alleges a series of theories of negligence liability under the single count. ECF No. [1] ¶¶ 6-14;15-24. Plaintiff argues Defendant breached its duty to Plaintiff to maintain the ship in a safe condition through "one or more" of the following theories of liability:

> [(1)] By negligently and carelessly failing to use reasonable care;
> [(2)] By negligently and carelessly failing to require, as part of the design of its ship which it knew would include pedestrians travel paths that were safe for use by pedestrians;
> [(3)] By negligently and carelessly failing to create appropriate protocols and procedures to ensure that all pedestrian travel paths were safe for use by pedestrians;
> [(4)] By negligently and carelessly failing to enforce appropriate protocols and procedures to ensure that all pedestrian travel paths were safe for use by pedestrians.

*Id.* ¶ 22. Plaintiff also alleges Defendant had a duty to provide Plaintiff "with a safe ship, reasonably fit for its intended purpose, that did not pose her any unreasonable risk of harm," a duty which "include[d] the duty to design and maintain the ship[.]" *Id.* ¶ 17. As Defendant correctly points out in its Motion, Plaintiff "improperly combines multiple theories of liability into her Negligence claim (Count I)," thereby constituting a shotgun pleading. ECF No. [6] at 3. Within Count I, Plaintiff "includes allegations indicative of negligent design and negligent maintenance

claims," which are "distinct negligence claims and cannot be nestled within a general negligence claim." ECF No. [6] at 3.

The Complaint is a shotgun pleading, condemned by the Eleventh Circuit, and "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Plaintiffs may not "cram multiple, distinct theories of liability into one claim" because each theory "is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations." *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020). To the extent Plaintiff seeks to bring claims against Defendant based on negligent failure to maintain and negligent design, these claims "are distinct negligence claims and cannot be 'nestled within a general negligence claim.'" *Pride v. Carnival Corp.*, No. 23-cv-22121, 2023 WL 6907813, at *4 (S.D. Fla. Oct. 19, 2023) (quoting *Anders v. Carnival Corp.*, No. 23-21367, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023) (dismissing complaint as shotgun pleading).

Plaintiff appears to concede that the Complaint constitutes a shotgun pleading by stating that "Defendant's own motion demonstrates that they are able to reasonably identify any distinct causes of action that may have been combined in the complaint." ECF No. [24] at 3 (citing *Thomas v. Tyco Int'l Mgmt.*, 262 F. Supp. 3d 1328, 1334 (S.D. Fla. 2017)). *Thomas* is distinguishable. There, the only flaw alleged in the complaint was that "some of Plaintiff's counts incorporate[d] the allegations of other counts." 262 F. Supp. 3d at 1341. The district court rejected the defendant's argument that the complaint constituted a shotgun pleading because "[t]he Court and Defendant are able to ascertain exactly what facts form the basis of each of Plaintiff's claims." 262 F. Supp. 3d at 1341. The same is not true here. Additionally, Plaintiff's contention that Defendant's ability to discern the various causes of action in Count I does not overcome the Complaint's fatal flaw

6

that that negligent design and negligent maintenance claims have different elements and therefore must be pled separately. *See Finch v. Carnival Corp.*, 701 F. Supp. 3d 1272, 1283 (S.D. Fla. 2023) (dismissing complaint as a shotgun pleading despite Plaintiff's argument that "Defendant [is able] to discern each cause of action."); *Anders v. Carnival Corp.*, No. 23-cv-21367, 2023 WL 4252426, at *4 (same).

Similarly, Defendant correctly points out that Plaintiff's allegations in Count I "conflate direct negligent and vicarious liability" which constitutes "an improper pleading practice." ECF No. [6] at 4. As Defendant notes, by simultaneously alleging that Defendant "had undertaken a duty" by acting "by and through its agents, apparent agents, employees, servants, representatives, and contractors," and "as a common carrier," the Complaint is unclear as to whether Count I is being brought under a theory of direct or vicarious liability. ECF No. [1] at 4. Plaintiff apparently concedes this point in her Response by failing to respond to the argument other than by stating she "has already notified Defendant of her intent to amend the complaint to address the alleged deficiencies by separately delineating any claims for direct and vicarious liability." ECF No. [24] at 3. Although Plaintiff is permitted to bring claims under a direct negligence theory or vicarious liability, each claim must be pled separately so as not to constitute a shotgun pleading. *Smith v. Carnival Corp. & PLC*, No. 22-cv-22853, 2022 WL 16791783, at *3 (S.D. Fla. Nov. 8, 2022) (dismissing complaint as shotgun pleading where theories of direct and vicarious liability were brought under a single negligence count).

### B. Count II

Regarding Count II, the parties primarily disagree on whether the Complaint adequately pleads the notice element of the failure to warn claim. This disagreement partially stems from confusion over whether Count II is premised on a theory of direct or vicarious liability since the

7

notice element of a failure to warn claim differs depending on whether Plaintiff is alleging that Defendant is directly or vicariously liable. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). This confusion demonstrates the necessity of dismissing Count II as a shotgun pleading. *Gharfeh v. Carnival Corp.*, No. 17-cv-20499, 2018 WL 501270 at *6 (S.D. Fla. Jan. 22, 2018) (dismissing as shotgun pleading where complaint "need[ed] to be clarified" because complaint suggested it contained only a claim for vicarious liability but also included allegations of direct negligence); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-cv-22295, 2015 WL 8227674, at *3 n.3 (S.D. Fla. Dec. 7, 2015) (dismissing with instructions to separate distinct failure to warn claims because it "would promote clarity for the Parties and the Court") .

In Count II, Plaintiff alleges that Defendant owed a duty "to its passengers to warn of dangers known to [Defendant] where [Defendant] invites or reasonably should expect passengers to go, including pedestrian walkways or paths across the ship." ECF No. [1] ¶ 28. Plaintiff asserts that Defendant had a duty to warn Plaintiff "to be cautious stepping onto the platform" of the gangway, since "[a] reasonable person who was not familiar with embarking or disembarking from gangways, would not appreciate the dangers posed by the gangway and its ability to harm passengers, in the event that it shifted out of place from normal pedestrian foot traffic." *Id.* ¶¶ 28, 29.

To prevail on a negligence claim, a plaintiff must show that "(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257, 1263 (S.D. Fla. 2022) (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). "[I]t is clearly established that cruise lines owe their passengers a duty to warn of known or foreseeable dangers." *Id.* (quoting *Flaherty v.*

8

*Royal Caribbean Cruises, Ltd.*, No. 15-cv-22295, 2015 WL 8227674, at *3 (S.D. Fla. Dec. 7, 2015)). However, in order to have a duty to warn of a danger, the cruise line must have "actual or constructive notice of the unsafe condition." *Horne v. Carnival Corp.*, 741 F. App'x 607, 608 (11th Cir. 2018) (citing *Keefe*, 867 F.2d at 1322). The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." *Guevara*, 920 F.3d at 720. However, "the notice requirement does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability." *Yusko*, 4 F.4th at 1167.

As in Count I, it is unclear whether Plaintiff's failure to warn claim in Count II is based on the action—or inaction—of Defendant or Defendant's employees. Plaintiff alleges that the dangerous condition was created by Defendant's failure "to properly operate the gangway on the Incident Date," an assertion which sounds in vicarious liability for the discrete negligence of a specific employee. *See* ECF No. [1] ¶ 12. However, Plaintiff argues Defendant "owes a duty as a common carrier to its passengers to warn of dangers known to [Defendant,]" thereby suggesting that Defendant is directly liable for negligence. *Id.* ¶ 28. Plaintiff also alleges that Defendant had "constructive knowledge of the dangerous condition because . . . employees were stationed at the embarkment point to facilitate passengers entering or leaving the Vessel safely." *Id.* ¶ 14. However, if the dangerous condition was the Defendant's "fail[ure] to properly operate the gangway on the Incident Date," *id.* ¶ 12, it is unclear how this would establish notice on the part

9

of the "employees who were stationed at the embarkment point." *Id.* ¶ 14. Furthermore, as Defendant points out, Plaintiff's "allegation that the dangerous condition existed for a 'sufficient length of time,' . . . is entirely conclusory." ECF No. [6] at 8 (quoting ECF No. [1] ¶ 30). A "theory of constructive notice fails" where "Plaintiff provides no factual allegations regarding how long this condition allegedly existed prior to the accident." *Kendall v. Carnival Corp.*, No. 23-cv-22921, 2023 WL 8593669 at *3 (S.D. Fla. Dec. 8, 2023).

To the extent that Plaintiff raises new factual allegations regarding Defendant's knowledge of the dangerous condition in her Response, the Court disregards those allegations when deciding a motion to dismiss. *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss."); *Bruhl v. PriceWaterhouse Coopers Int'l,* No. 03-cv-23044, 2007 WL 997362, at *4 (S.D. Fla. Mar 27, 2007) ("Plaintiffs cannot supplant the allegations of the [Complaint] with new arguments set forth in their response to a motion to dismiss.").

Plaintiff also raises a *negligence per se* claim, stating Defendant "was under a legal duty to comply with mandatory international vessel safety regulations" and "industry safety standards" that are promulgated by the "International Maritime Organization (IMO), the U.S. Coast Guard, the U.S. Access Board, and the American Society for Testing and Materials (ASTM) International." ECF No. [1] ¶¶ 32, 33, 35. Defendant argues that Plaintiff's statements that Defendant was under a legal duty to comply with certain industry safety standards are "conclusory statements" because Plaintiff "does not allege anywhere in the Complaint that these standards apply to the dangerous condition alleged in this manner nor how [Defendant] allegedly violated the standards." ECF No. [6] at 5-6. Plaintiff fails to respond to this argument in her Response, indicating that Defendant's argument regarding a *negligence per se* claim has merit. *See, e.g*, *Jones*

10

*v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)).

"The elements of negligence per se are: (1) violation of a regulation; (2) causing the type of harm that the regulation was intended to prevent; and (3) injury to a member of the class of persons intended to be protected by the regulation." *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1158 (S.D. Fla. 2020) (quoting *Lemma Ins. (Europe) Co., Ltd. v. Rumrunner Sport Fishing Charters, Inc.*, No. 11-cv-2110, 2012 WL 254134, at *2 (M.D. Fla. Jan 27, 2012). Indeed, Plaintiff asserts a legal conclusion that Defendant's "violation of applicable and mandatory safety regulations and standards constitutes *negligence per se*," but at no point states how Defendant violated these regulations and standards, whether Plaintiff suffered the type of harm that the regulation was intended to prevent, and whether Plaintiff is a member of the class of persons intended to be protected by the regulation. All of these elements must be plead should Plaintiff intend to allege a claim of negligence *per se.*

### C. Leave to Amend

In her Response, Plaintiff states that she "should be granted a reasonable opportunity to amend her pleadings." ECF No. [24] at 3. Because the time in which Plaintiff may amend her pleading as a matter of course has elapsed, Federal Rule of Civil Procedure 15(B)(2) applies. *See* Fed. R. Civ. P. 15(B). Rule 15(B)(2) states "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(B)(2). Defendant responds that Plaintiff's request to amend should be denied because "it is well settled that requesting such relief in a Response is improper." ECF No. [27] at 3 n.1 (citing *Rygula v. NCL (Bahamas) Ltd.*, No. 18-cv-24535, 2019 WL 13237012 (S.D. Fla. Aug. 28, 2019)). Although it is true that "where a request for leave to file an amended complaint simply is imbedded within an

opposition memorandum, the issue has not been raised properly," *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018), the Court nonetheless has the discretion to grant leave to amend *sua sponte*. Indeed, the Eleventh Circuit has held that "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court *must sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (emphasis added). It is only after that "opportunity to replead comes and goes" that the district court may "dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend." *Id.* Therefore, Plaintiff is granted leave to file an Amended Complaint.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [6]**, is **GRANTED**.
2. The Complaint, **ECF No. [1]** is **DISMISSED WITHOUT PREJUDICE**.
3. Plaintiff shall file an Amended Complaint no later than March 7, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 21, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record